```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| HILDA Z. ALBANDOZ-BETANCOURT,<br><br>**Plaintiff**,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., *et als.*,<br><br>**Defendants**. | **Civil No**. 12-1147 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is the motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c) ("Rule 12(c)") filed by defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"). (Docket No. 39.) For the reasons discussed below, the Court **DENIES** defendant Sedgwick's motion.

I.   BACKGROUND

   A.   FACTUAL BACKGROUND

In its complaint, plaintiff Albandoz alleges the following facts, which for the purposes of deciding defendant Sedgwick's motion, the Court takes as true, Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008):

Plaintiff Albandoz began working at Walgreen's Puerto Rico, Inc. ("Walgreen's") as a Staff Pharmacist in January 2005.

---

[1] Logan Brown, a second-year student at the Georgetown University Law Center, assisted in the preparation of this Memorandum and Order.

Civil No. 12-1147 (FAB)                                                         2

(Docket No. 1 at p. 2.)  One of the benefits offered by Walgreen's is the Walgreen's Income Protection Plan for Pharmacists ("the Plan"), which is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.  Id. at pp. 2-3.  The Plan provides short-term and long-term disability benefits.  (Docket No. 17 at p. 2.)  Defendant Sedgwick is the claims administrator for the Plan.  Id.

On April 8, 2010, Dr. Angel Narvaez-Morell diagnosed plaintiff Albandoz with fibromyalgia and severe depression. (Docket No. 1 at p. 3.)  Plaintiff Albandoz informed Walgreen's of this diagnosis on or around May 14, 2010.  Id. at p. 4.  On May 20, 2010, plaintiff Albandoz missed a full work day due to disability for the first time.  Id.  She immediately applied for short-term disability ("STD") benefits.  Id.  Defendant Sedgwick denied plaintiff Albandoz's request for STD benefits on June 10, 2010, because she failed to provide medical documentation of her disability.  Id.  On June 17, 2010, however, after plaintiff Albandoz submitted her medical records, defendant Sedgwick approved plaintiff Albandoz's application for STD benefits for the period of May 21, 2010, through July 9, 2010.  Id. at p. 5.

When the STD benefits were initially approved, defendant Sedgwick informed plaintiff Albandoz that if she did not recover sufficiently to resume work by the end of the approved period, she

Civil No. 12-1147 (FAB)                                              3

would have to provide defendant Sedgwick with updated medical documentation by July 5, 2010.  (Docket No. 1 at p. 6.)  Plaintiff Albandoz saw Dr. Narvaez-Morell again on June 22, 2010, and the notes he submitted to defendant Sedgwick established that her condition persisted.  Id. at pp. 6-7.  As a result, plaintiff Albandoz requested an approval of an extension of her disability benefits.  Id. at p. 6.

On July 14, 2010, defendant Sedgwick informed plaintiff Albandoz that she did not qualify for continuing benefits and denied her claim.  (Docket No. 1 at p. 7.)  Plaintiff Albandoz filed her first-level appeal on August 31, 2010, in which she submitted additional information from Dr. Annette Martinez that supported the previous diagnosis.  Id. at p. 8.  On October 14, 2010, defendant Sedgwick denied plaintiff Albandoz's first-level appeal and advised her of her right to a second-level appeal.  Id. at p. 9.

Plaintiff Albandoz filed her second-level appeal on December 29, 2010.  (Docket No. 1 at p. 10.)  While the second-level appeal was ongoing, plaintiff Albandoz's healthcare benefits were cancelled,[2] and she filed for Social Security disability

---

[2] Plaintiff Albandoz alleges that the cancellation of her healthcare benefits violated the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166, because defendant Sedgwick "did not notify plaintiff [Albandoz] of her COBRA rights once her employment was deemed terminated."  (Docket No. 1 at p. 17.)  Plaintiff Albandoz, however, fails to allege the date when her employment was deemed terminated.

Civil No. 12-1147 (FAB)                                                    4

benefits.  Id.  The Social Security Administration ("SSA") required that plaintiff Albdanoz submit a neurological evaluation by Dr. Luis P. Sanchez-Longo.  Id.  Dr. Sanchez-Longo concluded that due to a combination of physical and emotional problems, plaintiff Albandoz was functionally impaired.  Id. at p. 11.  Plaintiff Albandoz submitted Dr. Sanchez-Longo's report to the SSA on February 4, 2011, and to defendant Sedgwick on March 18, 2011.  Id. at p. 10.  The SSA approved Plaintiff Albandoz's social security benefits on April 6, 2011.  Id. at p. 11.  On April 25, 2011, defendant Sedgwick denied plaintiff Albandoz's second-level appeal and advised her of her right to file a civil action pursuant to ERISA section 502(a).  Id. at p. 12.

### B.    PROCEDURAL HISTORY

On March 2, 2012, plaintiff Albandoz filed her complaint, alleging that defendant Sedgwick (1) violated ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), by denying her disability benefits, and (2) violated the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166, by failing to provide her with proper notice of continued coverage where she was terminated.  (Docket No. 1 at pp. 15-17.)  Defendant Sedgwick filed a motion to dismiss for failing to state a claim on July 9, 2012, alleging that plaintiff Albandoz failed to identify defendant Sedgwick as the plan administrator as required in ERISA and COBRA actions.  (Docket No. 14.)  On July 30, 2012, plaintiff Albandoz

Civil No. 12-1147 (FAB)                                         5

amended her complaint to allege that defendant Sedgwick, or in the alternative, her employer Walgreen's, is the plan administrator. (Docket No. 17.)

On December 20, 2012, defendant Sedgwick filed a motion for judgment on the pleadings requesting that the Court dismiss plaintiff Albandoz's ERISA claim for long-term disability ("LTD") benefits because she failed to plead that she exhausted her administrative remedies for those benefits.  (Docket No. 39.) Plaintiff Albandoz opposed defendant Sedgwick's motion on January 1, 2013, contending that, among other arguments,[3] the facts show that plaintiff Albandoz exhausted all of the available administrative remedies for her claims.  (Docket No. 47.) Defendant Sedgwick replied to plaintiff Albandoz's opposition on January 18, 2013.  (Docket No. 51.)

## II.  RULE 12(c) STANDARD

"When as now, a motion for judgment on the pleadings under [Rule 12(c)] is employed as a vehicle to test the plausibility of a complaint, it must be evaluated as if it were a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012).  When considering a motion pursuant to Rule 12(c), a "court must view the facts

---

[3] Because the Court finds that plaintiff Albandoz's argument that she exhausted the available administrative remedies for disability benefits persuasive, it need not address the other arguments.

Civil No. 12-1147 (FAB)                                                6

contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . ." Perez-Acevedo, 520 F.3d at 29 (quoting R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006)).  "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When faced with a motion for judgment on the pleadings, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez, 640 F.3d at 9 (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009)). Any "[n]on-conclusory factual allegations in the complaint[, however,] must . . . be treated as true, even if seemingly incredible." Id. (citing Iqbal, 129 S.Ct. at 1951). Where those factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim has facial plausibility. Id. (citing Iqbal, 129 S.Ct. at 1949).  The Court must base its determination on the material submitted as part of the complaint and expressly incorporated within it. See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). Additionally, the Court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible

to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

The factual material pled must be sufficient "to raise a right to relief above the speculative level," and to permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678). A district court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely'." Id. at 13 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Overall, the relevant inquiry "focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

### III. ANALYSIS

"ERISA is a comprehensive federal statute that governs the rights and responsibilities of parties in relation to employee pension, welfare, and benefit plans." Madera v. Marsh USA, Inc., 426 F.3d 56, 61 (1st Cir. 2005). The statute provides a civil enforcement mechanism for "a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Civil No. 12-1147 (FAB)                                                    8

Generally, "[b]efore a plaintiff asserts an ERISA claim . . . he must first exhaust his administrative remedies." Madera, 426 F.3d at 61. "An employee is not required to exhaust his administrative remedies [, however,] in those instances where it would be futile for him to do so." Id. at 62. Nevertheless, "[a] blanket assertion, unsupported by any facts, is insufficient to call this exception into play." Drinkwater v. Metro. Life Ins. Co., 846 F.2d 821, 826 (1st Cir. 1988).

Defendant Sedgwick contends that plaintiff Albandoz failed to plead that she exhausted her administrative remedies for the denial of LTD benefits, and, as a result, her claims for those benefits should be dismissed. (Docket No. 39.) Defendant Sedgwick accurately notes that plaintiff Albandoz failed to plead that she ever requested LTD benefits. (Docket No. 39 at p. 6.) Plaintiff Albandoz did contend, however, that the administrative mechanism for appealing the denial of disability benefits "ha[d] been exhausted . . . ." (Docket No. 1 at pp. 1-2.)

As defendant Sedgwick correctly notes, a plaintiff's *belief* that bringing administrative remedies would be futile is insufficient to call the futility exception into play. (Docket No. 39 at pp. 5-6.) If, however, the plaintiff's belief is accurate — as demonstrated by factual evidence — and exhausting the administrative remedies would, *in fact*, be futile, then the

Civil No. 12-1147 (FAB)                                                9

futility exception is called into play.  See Drinkwater, 846 F.2d at 826.

In Drinkwater, the plaintiff contended that the review procedure provided by the defendant was futile because there was "not the slightest possibility that the plan administrator could be objective, unbiased and act in the best interest of the beneficiary" when reviewing the plaintiff's claim.  846 F.2d at 825-26.  Because the plaintiff failed to produce evidence, apart from the blanket assertion, to show that the review process would have been futile, the First Circuit Court of Appeals found that the futility exception was not applicable, and accordingly plaintiff's failure to exhaust administrative remedies was not excused.  Id. at 826.

In contrast, here plaintiff Albandoz provided the eligibility requirements of the Plan as evidence supporting the assertion that it would have been futile for her to pursue the administrative process for LTD benefits.[4]  (Docket No. 47-2.)  To be eligible for LTD benefits, the Plan requires that an employee accumulate 180 days of STD benefits.  Id.  Once plaintiff Albandoz was denied her STD benefits, and had exhausted her administrative appeals for them, she was not and could not become eligible for LTD benefits.

---

[4] Although plaintiff Albandoz failed to provide the eligibility requirements of the Plan in either its original or amended complaint, the Court includes them in its analysis because the Plan is incorporated by reference in both complaints.  See Haley, 657 F.3d at 46.

Applying for benefits for which one is not eligible would be, in defendant Sedgwick's words, "simply non-sensical [sic]." (Docket No. 51 at p. 8.)

The Court finds that even if plaintiff Albandoz brought an administrative claim for LTD benefits, her efforts would have been futile because she had already been denied STD benefits and was, therefore, ineligible for LTD benefits. Accordingly, the futility exception applies to plaintiff Albandoz's failure to plead that she exhausted administrative remedies for LTD benefits. Because defendant Sedgwick's motion for judgment on the pleadings is based solely on plaintiff Albandoz's failure to plead that she exhausted administrative remedies for LTD benefits, it is **DENIED.**

**IV. CONCLUSION**

For the reasons discussed above, the Court finds that the futility exception applies to plaintiff's failure to plead that she exhausted administrative remedies for LTD benefits. Accordingly, the Court **DENIES** defendant Sedgwick's motion for judgment on the pleadings, which is based on plaintiff Albandoz's failure to plead that she exhausted administrative remedies for LTD benefits.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 11, 2013.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE